```
                                        FILED
                              CLERK, U.S. DISTRICT COURT

                                    August 28, 2025

                             CENTRAL DISTRICT OF CALIFORNIA
                             BY: _____ CLD DEPUTY
```

1  BILAL A. ESSAYLI
   Acting United States Attorney
2  DAVID T. RYAN (Cal. Bar No. 295785)
   Assistant United States Attorney
3  Chief, National Security Division
        1500 United States Courthouse
4       312 North Spring Street
        Los Angeles, California 90012
5       Telephone: (213) 894-4491
        Facsimile: (213) 894-2979
6       E-mail:    david.ryan@usdoj.gov

7  Attorneys for Plaintiff
   UNITED STATES OF AMERICA
8
                    UNITED STATES DISTRICT COURT
9
              FOR THE CENTRAL DISTRICT OF CALIFORNIA
10
   UNITED STATES OF AMERICA,          No. 2:25-MJ-5322-DUTY
11
             Plaintiff,               GOVERNMENT'S NOTICE OF REQUEST FOR
12                                    DETENTION
             v.
13
   DONG HWAN KIM,
14     aka "Ryzen,"
       aka "Ry_Ry#6688,"
15     aka "Lobster,"

16           Defendant.

17

18       Plaintiff, United States of America, by and through its counsel

19  of record, hereby requests detention of defendant and gives notice of

20  the following material factors:

21  ☐  1.   Temporary 10-day Detention Requested (§ 3142(d)) on the

22           following grounds:

23       ☐  a.   present offense committed while defendant was on release

24                pending (felony trial),

25       ☐  b.   defendant is an alien not lawfully admitted for

26                permanent residence; and

27

28

|   |   |   |
|---|---|---|
| ☐ | c. | defendant may flee; or |
| ☐ | d. | pose a danger to another or the community. |

☒ 2.  Pretrial Detention Requested (§ 3142(e)) because no condition or combination of conditions will reasonably assure:

☒ a.  the appearance of the defendant as required;
☒ b.  safety of any other person and the community.

☐ 3.  Detention Requested Pending Supervised Release/Probation Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C. § 3143(a)):

☐ a.  defendant cannot establish by clear and convincing evidence that he/she will not pose a danger to any other person or to the community;

☐ b.  defendant cannot establish by clear and convincing evidence that he/she will not flee.

☐ 4.  Presumptions Applicable to Pretrial Detention (18 U.S.C. § 3142(e)):

☐ a.  Title 21 or Maritime Drug Law Enforcement Act ("MDLEA") (46 U.S.C. App. 1901 *et seq.*) offense with 10-year or greater maximum penalty (presumption of danger to community and flight risk);

☐ b.  offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or 2332b(g)(5)(B) with 10-year or greater maximum penalty (presumption of danger to community and flight risk);

☐ c.  offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4),

|   |   |   |   |
|---|---|---|---|
| 1 |   |   | 2260, 2421, 2422, 2423 or 2425 (presumption of danger |
| 2 |   |   | to community and flight risk); |
| 3 | ☐ | d. | defendant currently charged with an offense described |
| 4 |   |   | in paragraph 5a - 5e below, <u>AND</u> defendant was |
| 5 |   |   | previously convicted of an offense described in |
| 6 |   |   | paragraph 5a - 5e below (whether Federal or |
| 7 |   |   | State/local), <u>AND</u> that previous offense was committed |
| 8 |   |   | while defendant was on release pending trial, <u>AND</u> the |
| 9 |   |   | current offense was committed within five years of |
| 10 |   |   | conviction or release from prison on the above- |
| 11 |   |   | described previous conviction (presumption of danger to |
| 12 |   |   | community). |
| 13 | ☒ | 5. | Government Is Entitled to Detention Hearing Under § 3142(f) |
| 14 |   |   | If the Case Involves: |
| 15 | ☐ | a. | a crime of violence (as defined in 18 U.S.C. |
| 16 |   |   | § 3156(a)(4)), a violation of 18 U.S.C. § 1591, or |
| 17 |   |   | Federal crime of terrorism (as defined in 18 U.S.C. |
| 18 |   |   | § 2332b(g)(5)(B)) for which maximum sentence is 10 |
| 19 |   |   | years' imprisonment or more; |
| 20 | ☐ | b. | an offense for which maximum sentence is life |
| 21 |   |   | imprisonment or death; |
| 22 | ☐ | c. | Title 21 or MDLEA offense for which maximum sentence is |
| 23 |   |   | 10 years' imprisonment or more; |
| 24 | ☐ | d. | any felony if defendant has two or more convictions for |
| 25 |   |   | a crime set forth in a-c above or for an offense under |
| 26 |   |   | state or local law that would qualify under a, b, or c |

|   |   |   |   |
|---|---|---|---|
| 1 |   |   | if federal jurisdiction were present, or a combination |
| 2 |   |   | or such offenses; |
| 3 | ☒ | e. | any felony not otherwise a crime of violence that |
| 4 |   |   | involves a minor victim or the possession or use of a |
| 5 |   |   | firearm or destructive device (as defined in 18 U.S.C. |
| 6 |   |   | § 921), or any other dangerous weapon, or involves a |
| 7 |   |   | failure to register under 18 U.S.C. § 2250; |
| 8 | ☒ | f. | serious risk defendant will flee; |
| 9 | ☒ | g. | serious risk defendant will (obstruct or attempt to |
| 10 |   |   | obstruct justice) or (threaten, injure, or intimidate |
| 11 |   |   | prospective witness or juror, or attempt to do so). |
| 12 | ☐ | 6. | Government requests continuance of _____ days for detention |
| 13 |   |   | hearing under § 3142(f) and based upon the following |
| 14 |   |   | reason(s): |

15
16 _____
17 _____
18 _____
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

☐   7.   Good cause for continuance in excess of three days exists in that:

_____

_____

_____

_____

Dated: August 28, 2025            Respectfully submitted,

BILAL A. ESSAYLI
Acting United States Attorney

      /s/
_____
DAVID T. RYAN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA