**FILED**
CLERK, U.S. DISTRICT COURT

**9/9/25**

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ MRV _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2025 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>  DONG HWAN KIM,<br>    aka "Ryzen,"<br>    aka "Ry_Ry#6688,"<br>    aka "Lobster,"<br><br>        Defendant. | CR 2:25-cr-00743-SB<br><br>I N D I C T M E N T<br><br>[18 U.S.C. §§ 2251(a), (e):<br>Production of Child Pornography;<br>18 U.S.C. §§ 2252A(a)(5)(B),<br>(b)(1): Possession of Child<br>Pornography; 18 U.S.C. §§ 2253 and<br>2428: Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. §§ 2251(a), (e)]

On or about June 29, 2021, in Los Angeles County, within the Central District of California, defendant DONG HWAN KIM, also known as ("aka") "Ryzen," aka "Ry_Ry#6688," aka "Lobster," knowingly employed, used, persuaded, induced, enticed, and coerced Minor Victim 1, who had not attained the age of 18 years, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction

1   would be transported and transmitted using any means and facility of

2   interstate and foreign commerce and in and affecting interstate and

3   foreign commerce.

COUNT TWO

[18 U.S.C. §§ 2251(a), (e)]

On or about November 23, 2021, in Los Angeles County, within the Central District of California, defendant DONG HWAN KIM, also known as ("aka") "Ryzen," aka "Ry_Ry#6688," aka "Lobster," knowingly employed, used, persuaded, induced, enticed, and coerced Minor Victim 2, who had not attained the age of 18 years, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

COUNT THREE

[18 U.S.C. §§ 2251(a), (e)]

On or about July 23, 2022, in Los Angeles County, within the Central District of California, defendant DONG HWAN KIM, also known as ("aka") "Ryzen," aka "Ry_Ry#6688," aka "Lobster," knowingly employed, used, persuaded, induced, enticed, and coerced Minor Victim 3, who had not attained the age of 18 years, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

COUNT FOUR

[18 U.S.C. §§ 2251(a), (e)]

On or about August 24, 2023, in Los Angeles County, within the Central District of California, defendant DONG HWAN KIM, also known as ("aka") "Ryzen," aka "Ry_Ry#6688," aka "Lobster," knowingly employed, used, persuaded, induced, enticed, and coerced Minor Victim 4, who had not attained the age of 18 years, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

COUNT FIVE

[18 U.S.C. §§ 2252A(a)(5)(B), (b)(1)]

On or about August 27, 2025, in Los Angeles County, within the Central District of California, defendant DONG HWAN KIM, also known as ("aka") "Ryzen," aka "Ry_Ry#6688," aka "Lobster," knowingly possessed child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that had been shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer and cellular telephone, and that had been produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer and cellular telephone, knowing that the file was child pornography.  The file defendant possessed was titled, "cee baited me.jpg."

FORFEITURE ALLEGATION

[18 U.S.C. § 2253]

1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 2253, in the event of the defendant's conviction of the offenses set forth in any of Counts One through Five of this Indictment.

2.   The defendant, if so convicted, shall forfeit to the United States of America the following property:

(a)  All right, title, and interest in any visual depiction involved in any such offense, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received and involved in any such offense;

(b)  All right, title, and interest in any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense;

(c)  All right, title, and interest in any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property; and

(d)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b), the defendant, if so convicted, shall forfeit substitute property, up to

7

1   the total value of the property described in the preceding paragraph

2   if, as the result of any act or omission of the defendant, the

3   property described in the preceding paragraph, or any portion

4   thereof: (a) cannot be located upon the exercise of due diligence;

5   (b) has been transferred, sold to or deposited with a third party;

6   (c) has been placed beyond the jurisdiction of the court; (d) has

7   been substantially diminished in value; or (e) has been commingled

8   with other property that cannot be divided without difficulty.

9

10                                          A TRUE BILL

11

12                                          /S/_____
                                            Foreperson
13

14
    BILAL A. ESSAYLI
15  Acting United States Attorney

16

17

18  DAVID T. RYAN
    Assistant United States Attorney
19  Chief, National Security Division

20

21

22

23

24

25

26

27

28