1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

DONG HWAN KIM,

    Defendant.

Case No. 2:25-cr-00743-SB

<u>ORDER CONTINUING TRIAL DATE AND FINDINGS REGARDING EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT</u>

**TRIAL DATE:**     5/5/2026

13
14
15
16
17
18
19

      The Court has read and considered the Stipulation Regarding Request for (1) Continuance of Trial Date and (2) Findings of Excludable Time Periods Pursuant to Speedy Trial Act, filed by the parties in this matter on September 22, 2025.  The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, demonstrates facts that support a continuance of the trial date in this matter, and provides good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

20
21
22
23
24
25
26

      The Court further finds that:  (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence .

27

      Therefore, for good cause shown:

28

1.    The trial in this matter is continued from November 4, 2025 to May 5, 2026. The pretrial conference is continued to April 21, 2026.

2.    The time period of November 4, 2025 to May 5, 2026, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (B)(iv).

3.    Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

4.    However, the parties should not expect a further continuance. This is a lengthy continuance, and the Court grants it with the understanding that defense counsel has considered her schedule and selected the proposed dates (now accepted by the Court) when she will be prepared and available (after taking into account conflicting commitments). If another continuance is requested, defense counsel shall file a motion and provide a declaration explaining in detail why she is not available, why she believed she would be available when submitting this continuance request, and what unforeseen and unavoidable events occurred in the interim. The parties will be required to appear in Courtroom 6C to address any further continuance request.

September 23, 2025
DATE

Stanley Blumenfeld, Jr.
United States District Judge

2